## 18934. GOODMAN v. CLARKSON.

STEPHENS, J. 1. A sale or transfer of a stock of goods, wares, or merchandise may amount to a fraud, under the bulk-sales act of 1903 (Civil Code of 1910, §§ 3226-3229), although only a part of the stock be sold, where the sale is "out of the usual or ordinary course of the business or trade of the vendor." Where a person engaged in the business of "selling Reo automobiles" maintains his principal office and place of business in one city and maintains a branch office and place of business in another city, and at the latter place keeps a stock of goods, wares, and merchandise, consisting of second-hand automobiles, office furniture, fixtures, automobile parts, and shop equipment, a sale by him of the entire stock of goods, wares, and merchandise kept at the branch place of business constitutes a sale "out of the usual or ordinary course of the business or trade of the vendor," and where made without a compliance with the provisions of the bulk-sales act as respects notice to creditors, etc., is under the provision of the act, a fraud against the existing creditors of the vendor. Keller *v.* Fowler, 148 Tenn. 571 (4) (256 S. W. 879).

2. Whether or not the sale of a stock of goods, wares, and merchandise in

384

bulk, which is fraudulent under the bulk-sales act, could be attacked by the then-existing creditors of the vendor in a suit against the purchaser to recover the value of the goods (*Jaques & Tinsley Co.* v. *Carstarphen,* 131 *Ga.* 1, 62 S. E. 82), yet where the vendor has afterwards become a bankrupt, the trustee in bankruptcy can, under the authority of § 70-e of the bankruptcy act, maintain a suit against the purchaser for the benefit of the creditors of the vendor, existing at the time of the sale. Dodd *v.* Raines, 1 Fed. (2d) 658; Gross *v.* Grossman, 2 Fed. (2d) 458.

3. In a suit by the trustee in bankruptcy against the purchaser of a stock of goods, wares, and merchandise, to recover the value of the goods, upon the ground that the sale was fraudulent under the provisions of the Georgia bulk-sales law, it is immaterial whether or not the vendor was a corporation or a partnership; and where the suit is instituted against the defendant as an individual, doing business under a particularly described "company," it is immaterial whether or not the "company" is a corporation or a partnership. See, in this connection, *Charles* v. *Valdosta Co.,* 4 *Ga. App.* 733 (62 S. E. 493); *Weller* v. *Davis,* 15 *Ga. App.* 79 (82 S. E. 593).

4. The court properly overruled the demurrer to the petition.

Judgment affirmed. *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1929.

*Terrell & Terrell, Hooper & Hooper,* for plaintiff in error.
*Harry L. Greene, Noah J. Slone,* contra.