33 N.J. Super. 541 (1954)
111 A.2d 98
EDWARD E. FINN, TRUSTEE IN BANKRUPTCY OF MARTIN JENOFF AND CARMEN CORONA, INDIVIDUALLY AND AS PARTNERS TRADING AS CORONA APPLIANCES, PLAINTIFF,
v.
TIRES & APPLIANCES, INC., A CORPORATION OF NEW JERSEY, T/A GOODYEAR TIRES & APPLIANCES, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 23, 1954.
*542 Mr. Bertram M. Saxe, attorney for plaintiff (Mr. Irving I. Jacobs, of counsel).
Mr. David R. Brone, attorney for defendant.
HANEMAN, J.S.C.
Plaintiff, as trustee in bankruptcy of Martin Jenoff and Carmen Corona, individually and as partners trading as Corona Appliances, seeks to set aside a sale made by the said bankrupts to Tires & Appliances, Inc., a corporation trading as Goodyear Tires & Appliances, Inc., on the ground that the same is void, having been in violation of R.S. 46:29-1 et seq. Plaintiff as well seeks to make discovery of the profits obtained by the defendant from a re-sale of said goods. The facts in connection herewith are as follows:
*543 The defendant purchased the goods here involved from the bankrupt on or about January 25, 1952; an involuntary petition in bankruptcy was filed on February 19, 1952; on March 6, 1952 Jenoff and Corona, individually and as partners trading as Corona Appliances, were adjudged bankrupts. On March 16, 1953 plaintiff obtained leave to file the complaint herein, and on March 31, 1953 said complaint was filed.
The bankrupts were engaged in the business of selling toys, records, radios, television sets and "white goods." The term "white goods" is an all-inclusive term apparently used in the trade and refers to refrigerators, ranges, etc. The sale about which complaint is made included the "white goods" from the bankrupts' establishment.
It is admitted that there was a failure to comply with the provisions of the Bulk Sales Act, requiring notice of such a prospective sale. The applicable sections of said statute read as follows:
"The sale in bulk of the whole or a large part of the stock or merchandise and fixtures or merchandise or fixtures, or goods and chattels, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business or occupation, shall be voidable as against the creditors of the seller * * *.
No proceeding at law or in equity shall be brought against the purchaser to invalidate any such voidable sale after the expiration of ninety days from the consummation thereof."
The first question involved is whether this sale constituted a sale of a "large part" of the stock of the bankrupt. I find as a fact that the sale here involved was of a large part of the stock of the bankrupt and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the bankrupt's business.
It therefore becomes necessary to determine whether the failure to commence these proceedings within 90 days from the consummation of the sale is a bar to such proceedings.
It is apparent from the above recital of facts that the action was not commenced within 90 days from the consummation *544 of the sale. However, plaintiff alleges that in the light of the provisions of section 11(e), 11 U.S.C.A. § 29(e), which reads as follows:
"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."
the time for the commencement of the action was extended to two years.
It is to be noted that the limitation in the state statute expired subsequent to the adjudication in bankruptcy, but had not expired at the time of the filing of the petition in bankruptcy. There is quite clearly a conflict between the provisions of the state act and of the above cited Bankruptcy Act. However, it has been held on a number of occasions since the passage of said act in 1938 that where the period of limitation as provided in the state statute had not expired at the time of the filing of the petition, the federal act superseded the state act, and that a receiver or trustee in bankruptcy could, within two years subsequent to the date of adjudication in bankruptcy, institute proceedings in behalf of the estate, in spite of the fact that under the state law the statute of limitations had tolled prior to the expiration of the said two-year period. Engstrom v. DeVos, 81 F. Supp. 854 (D.C. 1949), affirmed Schneidmiller v. Engstrom, 177 F.2d 196 (C.A.A. 9 1949); Herget v. Central Nat. B. & T. Co. of Peoria, 141 F.2d 150 (C.C.A. 7 1944), affirmed Herget v. Central Nat. B. & T. Co. of Peoria, 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945).
In Sproul v. Gambone, 34 F. Supp. 441 (D.C. 1940), and 43 F. Supp. 575 (D.C. 1942), the court had before it a comparable problem to that which is now facing this court, involving the Pennsylvania Bulk Sales Act, which contained a similar 90-day limitation to that of the New Jersey act. The court there held that the state act must yield to the provisions of the bankruptcy administration, and that subsequent *545 to the filing of petition in bankruptcy and the adjudication, the sole statute of limitation which is effective is that contained in the Bankruptcy Act.
It is therefore here held that the plaintiff is not barred, having commenced his action within two years subsequent to the adjudication of bankruptcy.
In the light of the fact that the goods here involved are not now in the defendant's possession, he must account to the plaintiff for the profits made by him on the re-sale thereof. Irving Trust Co. v. Rosenwasser, 5 F. Supp. 1016 (D.C. 1934).
Judgment will be entered accordingly.