35772. BREWTON *et al.* v. WOODALL *et al.*

QUILLIAN, J. 1. Code § 96-110 is intended for the protection of the planter or commission merchant and not for the buyer of farm commodities.

2. When, at an auction sale of farm commodities, a commission merchant pays to the planter the amount of the vendee's bid, the commission merchant succeeds to all the rights of the planter arising from the sale.

3. Where a commission merchant sets aside certain bags of pecans in a special area of a warehouse allotted to a vendee, and places upon such bags numbers indicating that they are the property of the vendee, and the vendee gives to the commission merchant a check for the purchase price of the pecans, there is such constructive delivery of the pecans as meets the requirements of Code § 96-107. *Tift* v. *Wight & Weslosky Co.,* 113 *Ga.* 681 (39 S. E. 503).

4. When the vendee, after the bags are so placed and marked, is permitted to remove them at will from the warehouse and does select and remove a number of them, the constructive delivery referred to in the preceding headnote is converted into actual delivery of the pecans. See the analogous case of *Georgia Refining Co.* v. *Augusta Oil Co.,* 74 *Ga.* 497.

5. The vendee in exercising dominion over the pecans is estopped to deny delivery. *McDonald* v. *Ellis* 17 *Ga. App.* 471 (87 S. E. 711).

6. The fact that through no fault of the commission merchant the warehouse is subsequently consumed by fire and the pecans destroyed does not affect the obligation of the vendee to pay their purchase price, and such fact affords no defense to the check given for that purpose.

7. The evidence demanded a finding that title to the pecans had passed to the defendants, and they were therefore liable for the purchase price. The trial court erred in granting the defendants' motion for a judgment notwithstanding the verdict, and in not granting the plaintiff's motion for a judgment notwithstanding the verdict.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 9, 1955—ADHERED TO ON REHEARING OCTOBER 11, 1955.

*John W. Underwood, Jackson & Graham, B. P. Jackson,* for plaintiffs in error.

*Brannen, Clark & Hester, Perry Brannen, W. C. Hodges,* contra.

J. B. Brewton and Mrs. J. B. Brewton, a partnership doing business as Georgia Pecans Auctions, brought suit against J. Woodall and J. Woodall, Jr., a partnership, doing business as Woodall & Son, for the balance due on a check.

The evidence disclosed that the defendants bought pecans at an auction sale conducted by the plaintiffs, commission merchants, who received a commission for selling the pecans brought to them by the producers. At an auction sale of the pecans the defendants were assigned a number which was to be attached to the bags of pecans purchased by them. They bought a number of bags of pecans to which their number was attached. These bags of pecans were placed in a section of the warehouse specially allotted to the defendants. The storage of the pecans was gratuitous.

The plaintiffs, in order to facilitate the transaction, paid the planters the amount of the defendants' bid, and the defendants in turn gave the plaintiffs a check for the purchase price of the pecans.

The defendants at a later date removed a number of these bags of pecans from their section of the warehouse. Thereafter the warehouse burned and the pecans were destroyed. Upon receiving news of this event the defendants stopped payment on their check and refused to make payment for the pecans destroyed by the fire.

The case was tried and resulted in a mistrial, whereupon defendants and plaintiffs filed a motion for a judgment notwithstanding the verdict. The trial judge granted the defendants' motion and overruled that of the plaintiff. The plaintiff excepted to both rulings, and the case is here for review.