### 39863. BLACK, Trustee v. ALBANY BOWLING SUPPLIES, INC.

RUSSELL, Judge. 1. (a) Where goods, wares and merchandise are sold in bulk it is the duty of the purchaser "five days before the completion of the purchase *or* the payment therefor" to notify creditors of the proposed sale. *Code* § 28-204. When such purchaser shall purchase a stock of goods *and* pay the price or any part thereof, or execute or deliver any evidence of indebtedness thereon, without giving such notice, the sale is as to creditors conclusively presumed fraudulent. *Code* § 28-205. Any such sale *or* transfer of a stock of goods, wares or merchandise shall be deemed a fraudulent transfer in contemplation of the Bulk Sales Law. *Code* § 28-206. Recognizing that this statute is in derogation of the common law and must be strictly construed, *Avery & Sons v. Carter,* 18 Ga. App. 527 (89 SE 1051), and that *Code* § 28-205 refers

to both purchase and payment, whereas *Code* §§ 28-204 and 28-206 refer to purchase or payment, statutes must nevertheless be given a reasonable construction in order to effectuate the purpose intended. *Williams v. General Finance Corp.,* 98 Ga. App. 31 (104 SE2d 649). Under such a construction, a purchasing corporation of which the insolvent vendor is one of the incorporators is not entitled to receive the goods, wares and merchandise together with a bill of sale thereto from the vendor, and retain and use such personalty for a period of over six months and still maintain the position that the purchase has not been completed as to it within the meaning of the Bulk Sales Law simply because it has failed to pay over the purchase price to the debtor, and that for this reason there was no duty upon it to comply with the provisions of the law by giving the required notices to creditors.

(b) Even if such a position were otherwise maintainable, it would not apply to the facts of this case, where it appears that the consideration for the transfer of the stock of goods was 10 shares of the stock of the corporate vendee, and that such stock was in fact issued by the corporation to the vendor and by him endorsed back to the corporation to be held by them until the claims of creditors were cleared. Such a transaction constitutes a delivery of the purchase price to the vendor and a redelivery by him to the vendee for purposes of security only. *Dinkler v. Baer,* 92 Ga. 432 (2) (17 SE 953); *Tift v. Wight & Weslosky Co.,* 113 Ga. 681 (1) (39 SE 503); *Brewton v. Woodall,* 92 Ga. App. 714 (3) (89 SE2d 835).

(c) Title to the property involved in this trover action could of course pass out of the vendor only on the basis of a completed sale. If the parties did not intend to effectuate a sale, the defendant has no title or right of possession to interpose against the claim of the trustee. If it was intended that title pass (as delivery of the property and the bill of sale indicate) on the basis of a completed sale, such sale is void because there was no compliance with the provisions of the Bulk Sales Law. *C. M. Miller Co. v. Lunceford,* 54 Ga. App. 21 (186 SE 766). So considered, the transaction between Wood and the defendant corporation by which he delivered to it his entire stock of goods, wares and merchandise by bill of sale and in consideration received 10 shares of corporate stock which he endorsed and returned to the vendor, without compliance on the part of either with the provisions regarding

notice to creditors, must be conclusively deemed fraudulent, with the result that title to the merchandise remains in the vendor, as against the claims of creditors and those acting for them. *McDowell v. McMurria,* 107 Ga. 812 (33 SE 709).

2. (a) To the trover petition of Black as trustee in bankruptcy of the vendor Wood, the defendant interposed a plea in abatement alleging that Wood had been adjudged a bankrupt on January 5, 1962, and had claimed a homestead exemption for himself and his family of the shares of stock representing the proceeds of the conveyance to the defendant; that the trustee has a duty to set aside this exemption; that the trustee has not been refused possession of the corporate stock representing the proceeds of the sale, and that until the pending claim of exemption is disposed of in the bankruptcy proceeding the trover action should not proceed. Upon trial of this issue, certain evidence was introduced by stipulation, including the corporate minutes of the defendant providing that "the shares of stock issued to Weldon L. Wood are to be endorsed by him and held by the corporation under the terms and conditions set forth in instrument of conveyance, and as set forth below . . . Wood agrees by his signature to these minutes that the corporation is to hold his certificate for 15 shares of this corporate stock until he clears all the merchandise this day conveyed to the corporation from claims of any of the creditors of said business." At the conclusion of the evidence the trial judge directed a verdict in favor of the defendant, which is assigned as error in the bill of exceptions and is here treated as a final judgment. Cf. *City of Cedartown v. Pickett,* 194 Ga. 508 (1) (22 SE2d 318).

(b) While the court of bankruptcy does not have the power to administer exempt property, Sears, Roebuck & Co. v. Schulein, 282 F2d 267, 270, he may recognize and allow exemption of such property as a homestead only in accordance with the law of the state in which the proceedings are pending, and, where under state law no valid homestead is created, *Roquemore v. Goldstein,* 100 Ga. App. 591 (5) (112 SE2d 24) or where it fails because of a transfer which is void or voidable under State law, Bardes v. Hawarden Bk., 178 U.S. 524 (20 SC 1000, 44 LE 1175, 4 ABR 163), the trustee is, under 11 USCA 110 (e), subrogated to the rights of creditors to recover a transfer which would have been in fraud of or voidable as to any creditor. Flanders v. Coleman, 250 U.S. 223 (39 SC

472, 63 LE 948). Such an action may be brought in the state court. 6 Am. Jur. 1245, Bankruptcy, § 1159; *Goodman v. Clarkson,* 39 Ga. App. 383 (2) (147 SE 183). This trover action is not brought for the corporate stock which the bankrupt claimed as a homestead, but seeks the recovery of a stock of goods, wares and merchandise which constitute a part of the assets of the bankrupt's estate because the attempted transfer, failing to comply with the Bulk Sales Law, constituted a transfer in fraud of creditors. Under 11 USCA § 24 no exemption otherwise allowable under state law "shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under the Act for the benefit of the estate . . ." It follows that the plea in abatement, which alleged only that trover action for the property should be stayed until the bankruptcy court passed on the claim of the vendor for a homestead exemption out of the corporate stock which was the consideration for the attempted transfer, was not sustainable.

The trial court erred in directing a verdict in favor of the plea in abatement.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED FEBRUARY 18, 1963.

. *Louis A. Peacock,* for plaintiff in error.
*Burt & Burt, Walter H. Burt,* contra.