ROSS INDUSTRIAL CHEMICAL CO. *v.* SMITH.

1. SALES—BULK TRANSFER—LIST OF CREDITORS—DISPUTED CLAIMS.
   Uniform commercial code sections regulating bulk transfers
   requires that the transferor furnish a list of creditors to the
   transferee which includes all persons known to the transferor
   to assert claims against him even though such claims are
   disputed (PA 1962, No 174, § 6104, as amended by PA 1964,
   No 250).

2. SAME—BULK TRANSFER—LIST OF CREDITORS—DISPUTED CLAIMS.
   Listing of a disputed claim by a transferor in a bulk transfer
   pursuant to requirements of statute does not create an obli-
   gation for payment of the claim until the resolution of the
   dispute (PA 1962, No 174, § 6104, as amended by PA 1964,
   No 250).

3. SAME—BULK TRANSFER—DISPUTED CLAIM—PROMISE OF PAYMENT.
   Statement of escrow agents holding money of transferor in
   bulk transfer that they would pay all debts of transferor
   does not amount to a promise to pay disputed claim before
   the dispute has been resolved (PA 1962, No 174, § 6104, as
   amended by PA 1964, No 250).

4. SAME—BULK TRANSFERS—LIST OF CREDITORS—DISPUTED CLAIM.
   Inclusion of disputed claim in list of creditors furnished pur-
   suant to bulk transfer provisions of uniform commercial code
   does not give rise to a contractual obligation to pay disputed
   claim on the part of escrow agents holding money to pay
   debts of transferor (PA 1962, No 174, § 6104, as amended
   by PA 1964, No 250).

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraudulent Conveyances § 237.
[2-4] 24 Am Jur, Fraudulent Conveyances §§ 237, 249.
[5] 39 Am Jur, Parties §§ 24–26, 34, 35, 37.
[6, 7] 39 Am Jur, Parties §§ 24–26, 34, 35, 37.
  41 Am Jur, Pleading §§ 340–342.

5. Parties—Joinder—Final Determination—Bulk Transfer—Escrow.

Final determination of creditor's right to collect debt disputed by debtor who is transferor in bulk transfer cannot be made in suit by creditor against escrow agents who hold money for payment of debts of transferor without joinder of bulk transferor or his successor in interest, or both (PA 1962, No 174, § 6104, as amended by PA 1964, No 250).

6. Judgment—Pleading—Defense—Summary Judgment—Bulk Transfer—Escrow.

Pleading by defendants that they are escrow agents of bulk transferor holding money of transferor to pay its debts and that claim of plaintiff made as creditor of transferor is disputed, *held,* sufficient defense to preclude summary judgment for plaintiff in action by creditor against escrow agents without joinder of bulk transferor or its successor in interest, or both, to collect full amount of creditor's claim (PA 1962, No 174, § 6104, as amended by PA 1964, No 250).

7. Parties—Joinder—Bulk Transfer—Escrow.

Action, in which summary judgment for plaintiff creditor against escrow agents of bulk transferor holding money to pay debts of transferor for full amount of creditor's claim is reversed because claim is disputed, is remanded for joinder of bulk transferor or its successor, or both, as a party defendant so that there can be a complete and final determination of controversy (PA 1962, No 174, § 6104, as amended by PA 1964, No 250).

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 October 6, 1966, at Detroit. (Docket No. 1,357.)   Decided December 22, 1966.

Complaint by Ross Industrial Chemical Co., a Michigan corporation, against Nicholas Smith and Donald F. Campbell, for moneys in their hands allegedly due plaintiff. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded, with instructions.

*Joslyn & Keydel,* for plaintiff.

*Smith, Ryan, Simmons & Jones,* for defendants.

LESINSKI, C. J. Defendants, escrow agents, appeal a summary judgment for plaintiff, alleged corporate creditor of Troyer, Inc. Said defendants are attorneys who were escrow agents for the benefit of creditors of Troyer, Inc., a Michigan corporation that was to be dissolved by a bulk transfer of its assets to Automotive Anodizing, Inc., another Michigan corporation. Defendant Smith represented Troyer, Inc., in the sale; defendant Campbell represented Automotive Anodizing, Inc.

Pursuant to Michigan statute,* notice of the prospective sale was sent to creditors. The contents of this notice complied with the requirements of the uniform commercial code, PA 1962, No 174, § 6107, as amended by PA 1964, No 250 (CL 1948, § 440.6107 [Stat Ann 1965 Cum Supp § 19.6107]). Plaintiff's complaint related that on receipt thereof, plaintiff presented its claim to the buyer's agent, defendant Campbell; that Campbell assured the plaintiff that $8,111.32 was being held in escrow for its benefit and that plaintiff would be paid on or before April 10, 1965. Campbell's answer to plaintiff's complaint admitted this, and stated further that he (Campbell) was subsequently informed that plaintiff's claim was disputed by Troyer, Inc., and that this information was related to the plaintiff's attorney along with the advice that Campbell could not pass upon the justness of the claim, and would hold the money in escrow pending settlement of the disputed claim. Defendant Smith's answer to plaintiff's complaint pertinent to this point admitted holding the money,

---

* Although defendants' brief on appeal refers to the bulk sales act, the effective date of Michigan's adoption of the uniform commercial code was January 1, 1964. Therefore, the sale here, in April of 1965, was governed by its provisions. For notice provision in bulk transfers, article 6, see the uniform commercial code, PA 1962, No 174, § 6105; § 6107, as amended by PA 1964, No 250 (CL 1948, §§ 440.6105, 440.6107 [Stat Ann 1964 Rev § 19.6105, Stat Ann 1965 Cum Supp § 19.6107]).

denied making a promise to pay, and said that plaintiff was informed of claims against it by Troyer, Inc.

Plaintiff's complaint continued with the allegation that the contemplated sale had been consummated on or about April 10, 1965, and that the defendants refused to pay the plaintiff's claim. Smith neither admitted nor denied this allegation. Campbell admitted the bulk transfer, but denied refusing to pay plaintiff. It was Campbell's contention that he was in the position of a stakeholder who holds the money pending settlement.

Plaintiff's final allegation was that the defendants held the money in trust for its benefit, and its prayer for relief sought recovery of the amount claimed. Defendant Smith denied both the holding of the money in trust for plaintiff and its right thereto, and sought dismissal. As noted above, Campbell considered himself in the position of a stakeholder.

Plaintiff moved for summary judgment. Defendant Smith contested the motion on the ground that he had made no promise of payment to plaintiff, and on the ground that there was a material issue of fact in dispute. The defense was of no avail, and Smith and Campbell here appeal a granting of plaintiff's motion. The court below based the summary judgment on defendants' failure to state a valid defense to the asserted claim and held that plaintiff was entitled to judgment as a matter of law. This was followed by an adjudication that defendants pay the amount claimed to plaintiff.

Because of the nature of the disposition of the case below and because of the diversity of role, if not interest, of the two defendants which required clarification, the contents of the respective pleadings have necessarily been set forth in some detail. They present this Court with the reoccurring ques-

tion of determining whether a summary judgment was properly granted.

Although it was not denominated as such, plaintiff's motion was grounded and granted upon GCR 1963, 117.2(2), which reads: "the opposing party has failed to state a valid defense to the claim asserted against him." It is therefore necessary to ascertain if the defendants' answers summarized above contained sufficient matter to necessitate the reversal and trial urged by them, as the appellants here. Parenthetically, we note that this was *not* a motion for summary judgment under GCR 1963, 117.2(3), which states: "that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law." However, defendant Smith's motion in opposition to the motion for summary judgment, which contained an affidavit, did indicate a material fact, which we must assume to be the basis of the dispute referred to between Troyer, Inc. (the dissolved corporation) and its alleged creditor, plaintiff here, as to the validity or amount of the plaintiff's claim against Troyer, Inc. The answer filed by Campbell revealed the existence of a dispute thereto; the answer filed by Smith denied plaintiff's right to the money.

Therefore, the ultimate question becomes: Where a dispute exists as to a claim against a corporate principal (Troyer, Inc.), by its creditor (plaintiff), is the allegation of this dispute by one escrow agent (Campbell) and the denial of indebtedness by the other escrow agent (Smith) a sufficient defense to preclude a summary judgment based upon a lack of a valid defense?

The notice to creditors referred to previously contained the statement that "all debts of the seller as contained in a list of creditors provided by the seller to purchasers will be paid in full by Nicholas

Smith and Donald F. Campbell, escrow agents, 450 First National Building, Detroit, Michigan, on or before April 10, 1965." The plaintiff finds in this sentence no support for defendants' statement in their appellate brief that the seller's debts "would be paid by the escrow agents to those creditors whose submitted claims *were approved.*" (Emphasis supplied.)

According to the uniform commercial code, PA 1962, No 174, § 6104, as amended by PA 1964, No 250 (CL 1948, § 440.6104(2) [Stat Ann 1965 Cum Supp § 19.6104(2)]), the list of creditors "must contain * * * the names of all persons who are known to the transferor to assert claims against him even though such claims are disputed." It would seem too obvious to need further observation that the mere listing of a disputed claim, as required by statute, would create no obligation for its payment prior to resolution of the dispute. It would also seem to be apparent that a statement by the escrow agents that they would pay all of the seller's debts would not support an inference that the agents would pay *disputed* claims prior to their resolution. Plaintiff seems to find that some sort of a contractual obligation arose from the listing of the claim in the list of creditors; said theory is not supported by hornbook law or the law of contracts.

Although plaintiff does not see, and hence did not join, Troyer, Inc., as a party to this controversy, it is apparent that unless Troyer, Inc., or its successor in interest, or both, be joined, there can be no final determination of this cause. The unanswered question of the authority under which the escrow agents, or one of them, sought to bind the fund would remain unanswered. In addition, affirmation of the judgment below would force Troyer, Inc., to institute proceedings anew to resolve the alleged disputed claim. The end result would be

an unnecessary cumulation, rather than a diminution, of litigation.

The pleadings sufficiently established a defense to preclude a summary judgment for failure to state a valid defense.

Pursuant to GCR 1963, 207, we direct the trial court to order the joinder of Troyer, Inc., or its successor in interest, or both, and reverse and remand for trial. Costs to appellants.

J. H. GILLIS and HOLBROOK, JJ., concurred.