197 N.J. Super. 475 (1984)
485 A.2d 316
CARPENTER, BENNETT & MORRISSEY, PLAINTIFF-APPELLANT,
v.
EDWARD W. JONES, SR., DART INDUSTRIES, INC., STERILE PRODUCTS CORPORATION A/K/A ELIRETS CORPORATION, AND NEW JERSEY SAVINGS BANK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1984.
Decided December 13, 1984.
*478 Before Judges McELROY and DREIER.
Kevin P. Duffy argued the cause for appellant (Carpenter, Bennett & Morrissey, Pro se; David M. McCann, of counsel; Rosemary A. Hall, Louis M. De Stefano and Kevin P. Duffy, on the brief).
Richard D. Kemp argued the cause for respondents Edward W. Jones, Sr., Sterile Products Corporation a/k/a Elirets Corporation (Kemp & Kemp, attorneys; Richard D. Kemp, on the brief).
Wharton, Stewart & Davis, attorneys for respondent New Jersey Savings Bank (Ralph L. Straw, Jr., on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff has appealed from a summary judgment granted in favor of defendants. The Law Division determined that the six month period of limitations set forth in N.J.S.A. 12A:6-111 *479 barred plaintiff's claim against an escrow established by a bulk transferee. Plaintiff had given notice to the transferee of a dispute as to the balance due from the transferor and under N.J.S.A. 12A:6-106, the transferee established the escrow in an amount that would satisfy plaintiff's claim.
Plaintiff had sought to recover $138,647.66 from defendants Jones and Elirets Corporation (formerly Sterile Products Inc.) for legal fees and disbursements incurred in connection with multiple matters in which plaintiff had represented these defendants between October 27, 1977 and August 31, 1981. The amount due is in dispute between these parties. Plaintiff asserted that defendant Jones promised in July 1981 that his personal accounts and his corporations' outstanding indebtedness would be satisfied out of funds received from a pending transaction with Dart Industries Inc. Plaintiff further claimed that on Jones' express promise that the fees would be so paid, plaintiff represented Jones and his corporations in the negotiation, drafting and execution of a "product purchase agreement" and "option and royality agreement" granting Dart the right to purchase certain of Elirets' products and an option to purchase Elirets' entire business. The agreements were signed in September 1981.
In March 1983 plaintiff received a bulk sales notice that Dart Industries, Inc. intended to exercise its option to purchase the assets of Elirets. The notice indicated that the debt from Elirets to plaintiff was $2,244.06. Upon receipt of the notice, plaintiff advised Dart Industries, Inc. that the outstanding indebtedness was then $138,647.66. In June or July of 1983 plaintiff's attorney was advised by Dart Industries' attorney that it was doubtful the transaction would be consummated. Plaintiff was told of no date for an anticipated closing.
In October 1983 plaintiff's counsel again spoke to counsel for Dart Industries, requesting a status report on the pending transaction. Counsel for Dart Industries advised plaintiff that the transaction had closed on August 4, 1983, and that $139,000, *480 a portion of the consideration to be paid by Elirets by Dart, was withheld and had been placed in an escrow account with defendant, New Jersey Savings Bank, to secure plaintiff's disputed claim for services. Plaintiff alleged that this was the first notice it had of such closing. Five months later, on March 14, 1984, plaintiff filed its complaint against Jones and his corporation. Plaintiff also named Dart Industries and New Jersey Savings Bank as nominal defendants so that they would be bound by the judgment with respect to the disposition of the escrowed funds.
Defendant Jones and Elirets filed a motion for partial summary judgment, seeking a release of the fund and a dismissal of the count of plaintiff's complaint seeking payment of the fund, claiming such action as barred by the six-month statute of limitations, N.J.S.A. 12A:6-111. Plaintiff filed a cross motion for summary judgment dismissing the counterclaim and the defense and for a writ of attachment against the escrow account. The trial court granted defendants' motion and denied plaintiff's. On leave granted, plaintiff has appealed these orders.
N.J.S.A. 12A:6-106 defines the duty of a transferee in a bulk sale to apply the proceeds of the sale of the debts of the transferor. Subsection 2 provides:
If any of said debts are in dispute the necessary sum may be withheld from distribution until the dispute is settled or adjudicated.
Subsection 3 provides for pro rata payment if all the debts are not to be paid in full, and subsection 4 (a non-uniform section) permits the discharge of a transferee by an interpleader and notice to all creditors of the payment into court. It is clear that Dart Industries chose to proceed under subsection 2 in its establishment of the escrow for the approximate amount of the disputed claim.
N.J.S.A. 12A:6-111, the limitations section, reads as follows:
No action under this Chapter shall be brought nor levy made more than six months after the date on which the transferee took possession of the goods *481 unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within six months after its discovery.
There is no New Jersey case interpreting the interplay between N.J.S.A. 12A:6-106(2) and 12A:6-111. Plaintiff urges that the statute is inapplicable to its claim against the escrow fund. Defendants Jones and Elirets urge that the trial court's finding of applicability be adopted here. Our research has yielded no reported case in the country determining whether the six month limitation applies to a creditor of the transferor seeking payment from an escrow established pursuant to section 106(2).
The official comment of the Uniform Law of Commissioners to section 6-111 notes that the bulk transfer article "imposes unusual obligations on buyers of property. A short statute of limitations is therefore appropriate." The former New Jersey Sales of Goods in Bulk Act had an even shorter period of limitations (90 days). N.J.S.A. 46:29-1 (repealed January 1, 1963 by the Uniform Commercial Code). In Finn v. Tires & Appliances, Inc., 33 N.J. Super. 541, 543-545 (Ch.Div. 1954), Justice (then Judge) Haneman noted that the bulk sales statute of limitation was inapplicable to the rights of a receiver or trustee in bankruptcy who was only barred by the Federal two year period of limitations. White & Summers, Uniform Commercial Code (2 ed. 1980), § 19-4 at 771 notes that the limitations period of section 6-111 applies to "any remedy available by virtue of noncompliance with Article Six." The authors then state:
What, however, of remedies the availability of which do not turn on noncompliance with Article Six? Must these, too, be pursued within six months? It would appear not, although Article Six does not say, and no cases so hold. [Id. at 657].
In 3 Anderson, Uniform Commercial Code (2 ed. 1971), § 6-111:4 at 497, the authors assert that this limitation section bars a judicial proceeding where "the plaintiff bases his claim upon a violation of Article 6 of the Code." If a claim is asserted based upon rights available irrespective of Article 6, the limitation section will not apply. See also, Johanna Farms Inc. v. Elliott Equipment Co. Inc., 278 Md. 137, 360 A.2d 436, *482 (1976); 19 U.C.C.Rptr. 917, 925-926 (Md. Ct. App. 1976). We see, therefore, that if a plaintiff is asserting a right that exists apart from a claim under Article 6, the Article 6 period of limitation would not apply.
If a transferee fails to comply with the bulk transfer provisions, a creditor of the transferor "may assert against the transferee the same rights he could assert against the transferor in order to satisfy the debt ... Thus, the statute creates a new right in the creditor against the bulk transferee." Indon Industries Inc. v. Charles S. Martin Distributing Co. Inc., 234 Ga. 845, 218 S.E.2d 562, 564 (1975).
Since Article 6 places positive duties only upon the transferee, a creditor's claim against such transferee is of necessity the subject of the six month limitation. White & Summers, supra, § 19-4, at 771-772; see Palmeri v. Adams, 4 Ill. App.3d 881, 280 N.E.2d 266, 268 (Ct.App. 1972) (where the court found that "it would be inconsistent with the purposes of the [Bulk Sales] Act to apply the short statute of limitations... as a bar to actions other than those brought against the subsequent transferee"). White & Summers, supra, § 19-5, at 772, noted various ways that a transferor and transferee may have complied with the terms of the Bulk Sales Act, and then discussed various remedies that could be followed by a creditor of the transferor. One example given is where "by the terms of the proposed bulk sale the transferor and transferee could have provided for an escrow arrangement (or the like) out of which our creditor will be paid in full."
In plaintiff's proceeding against the escrow established for its benefit to enforce its claim for legal fees against Jones and Elirets, no claim is made of a violation of the bulk sales provisions. We find that such a claim is not an "action under this Chapter" within the meaning of N.J.S.A. 12A:6-111. While it is true that the U.C.C. in section 6-106(2) permits the establishment of such an escrow as one means to discharge a transferee's obligation, such funds are withheld "until the *483 dispute is settled or adjudicated." The transferee is discharged upon the establishment of that fund and the only dispute that remains is between the transferor and the creditor. That dispute exists irrespective of the bulk sale which has merely provided the fund from which payment may be made upon the resolution of that dispute. The fund will either be paid to plaintiff or divided between plaintiff and its former client when the dispute is resolved. Ross Industrial Chemical Co. v. Smith, 5 Mich. App. 422, 146 N.W.2d 816, 818 (Ct.App. 1966).
Even if the six month statute were found to apply here, plaintiff was given no notice that the transaction had been consummated. But for plaintiff's inquiry in October 1983, it might never have learned of the establishment of the escrow. In this case a bulk sales notice was received by plaintiff and, therefore, plaintiff cannot contend that it lacked notice of the transaction. The statute, however, speaks to a concealment of the "transfer," and plaintiff had no notice that the transfer had been consummated. The same principle should protect plaintiff in a case such as this as protects a creditor who failed to receive notice of the bulk transfer itself. The cases are split as to whether the mere failure to give notice constitutes a "concealment." While we have noted above that we do not believe that N.J.S.A. 12A:6-111 is applicable to plaintiff's claim against the fund established for its benefit, lack of notice to plaintiff of the establishment of that fund would constitute a concealment, tolling the statute. Cf. E.J. Trum Inc. v. Blanchard Parfums Inc., 33 App.Div.2d 689, 306 N.Y.S.2d 316, 6 U.C.C.Rptr. 1261 (1969); and see the various authorities cited in Columbian Rope Co. v. Rinek Cordage Co., 314 Pa.Super. 585, 461 A.2d 312, 36 U.C.C.Rptr. 922, 925 (Sup.Ct. 1983).
Since plaintiff commenced this action within six months of discovery of the August 4, 1983 transfer and establishment of the escrow, its failure to proceed within six months of the closing would not have been barred in any event by N.J.S.A. 12A:6-111.
*484 The trial judge found that plaintiff's claim against the escrow fund required that "the attachment must be filed on a separate suit and not a derivative cause of action in this particular situation." While we do not adjudicate any rights of a receiver, trustee or other individual creditor to contest plaintiff's claim to the escrow, we note that pursuant to N.J.S.A. 12A:6-106(2) the escrow has been established for the purpose of paying plaintiff's claim as it may finally be adjudicated. The third count of plaintiff's complaint is not in the nature of an attachment of an asset of Jones or his companies. It is, rather, an application by plaintiff for a fund created and held in an escrow, a condition of which is the adjudication or settlement of the claims here asserted. Under these facts, judicial economy dictates that this proceeding should result in a final adjudication of plaintiff's right to payment of the adjudicated sum from the escrow. Cf. Ross Industrial Chemical Co. v. Smith, supra, 140 N.W.2d at 819.
The summary judgment entered against plaintiff is reversed and the matter is remanded to the Law Division for further proceedings. We do not retain jurisdiction.